UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SCHINDEWOLF and
MARY SCHINDEWOLF,

       Plaintiffs,                            No. 14-12161

v.                                       District Judge Nancy G. Edmunds
                                             Magistrate Judge R. Steven Whalen

CITY OF BRIGHTON, ET AL.,

       Defendants.
_____/

**ORDER**

On December 5, 2014, this Court entered an Order to Show Cause, directing Dr. Lisa Bell, Ph.D., to appear personally before the Court on December 18, 2014, and show cause why she should not be held in contempt of court for failure to comply with the Defendants' supboena for the treating records of Plaintiff Mary Elizabeth Schindewolf, from June 1, 2011 to the present.

The attorneys for the parties appeared at the appointed date and time. Dr. Bell did not. However, the Court initiated a telephone conference with her. The attorneys for the parties, who were personally present in chambers, participated in the conference. Upon fishing through her mail, Dr. Bell located the December 5th Show Cause Order that had been served on her by mail, but claimed to have not previously seen it. Notwithstanding that Plaintiff's and Defendants' attorneys agree that Ms. Schindewolf's records are relevant and discoverable, and that Ms. Schindewolf has signed a release, Dr. Bell stated that she did not believe that Ms. Schindewolf's records were "relevant" to this lawsuit, and therefore she should not have to produce them.

Dr. Bell is, of course, wrong. Ms. Schindewolf is claiming emotional damages as the result of Defendants' conduct. "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006)(citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000)).

It would be well within this Court's discretion to recommend that Dr. Bell be given sanctions for contempt of court, both for her failure to comply with the subpoena and for her failure to personally appear before this Court as directed. It would also be within the Court's discretion to order Dr. Bell to pay Defendants' attorney's fees for having to bring a motion. Instead, however, I will give Dr. Bell another bite at the apple, that is, another opportunity to comply with Defendant's lawfully issued subpoena. Accordingly,

IT IS ORDERED that no later than 14 days from the date of this Order, Dr. Bell shall produce to Defendants' attorney any and all records concerning Mary Elizabeth Schindewolf, from June 1, 2011 to the present, to be sent to:

    Audrey J. Forbush
    Plunkett Cooney
    Plaza One Financial Center
    111 E. Court Street
    Suite 1B
    Flint, MI 48502

IT IS FURTHER ORDERED that the parties shall submit a stipulated proposed protective order governing the use of Ms. Schindewolf's records.

IT IS FURTHER ORDERED that counsel for the Defendant shall serve a copy of this Order on Dr. Bell by first-class United States mail, at the following address:

Dr. Lisa Bell
P.O. Box 344
Okemos, MI 48805[1]

IT IS FURTHER ORDERED that if Dr. Bell does not produce Ms. Schindewolf's records within 14 days of the date of this Order, I will enter a Report and Recommendation that civil contempt sanctions be imposed as follows:

(1) That Dr. Bell be assessed $200.00 per day for each day beyond 14 days from the entry of this Order that she has not produced the records, up to 21 days after entry of this Order;

(2) That Dr. Bell be assessed $400 per day for each day beyond 21 days from the date of this Order that she has not produced the records.

(3) That in the alternative, an arrest warrant may issue for Dr. Bell, and that she be held in custody until she complies with this Order.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 19, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 19, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

---

[1] During the telephonic conference, Dr. Bell confirmed that this is her correct mailing address. The Court will also mail a copy of this Order to her.