UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SCHINDEWOLF and
MARY SCHINDEWOLF,　　　　　　　　　　Case No. 14-12161

　　　　Plaintiffs,　　　　　　　　　　　　　　Honorable Nancy G. Edmunds

v.

CITY OF BRIGHTON, ET AL.,

　　　　Defendants,
_____/

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER [31] DENYING
DEFENDANTS' MOTION TO COMPEL [16]**

This matter comes before the Court on Defendants' motion for review of the Magistrate Judge's November 25, 2014 order denying Defendants' October 14, 2014 motion to compel authorizations. (Dkt.# 16, 38). Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court AFFIRMS the Magistrate Judge's order. (Dkt.# 31).

When a non-dispositive motion is referred to and decided by a magistrate judge, a party may appeal the decision within 14 days. The district judge to whom the case is assigned "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Defendants' motion to compel seeks signed authorizations to obtain Plaintiff Matthew Schindewolf's employment records from F&V Operations, Onondaga Township and

Infrastructure Alternatives, as well as employment records from June 2011 through the present from Care Free Medical.  In their motion to compel, Defendants allege that the employment records may demonstrate that Plaintiff Matthew Schindewolf engaged in outside employment while on sick leave and are relevant to the mitigation of damages issue.  In their motion for review, Defendants also argue that the employment records may show when Plaintiff began seeking work and obtained work, and may contain admissions regarding whether he was terminated or resigned from employment with the City of Brighton.  One of the Care Free Medical doctors is also the treating physician to both Plaintiffs and Defendants argue that the Care Free Medical employment records are relevant to bias and credibility.

Defendants ask for review of the Magistrate Judge's order with respect to Plaintiff Matthew Schindewolf's employment records from F&V Operations, Infrastructure Alternatives and Care Free Medical.  (Def.'s Mot. Review ¶13, prayer for relief).  The proceedings before the Magistrate Judge are incorporated by reference in the Magistrate Judge's order, which states "For the reasons and under the terms stated on the record . . . ." (Dkt.# 31).  Defendants, the objecting parties, did not provide a copy of the transcript of those proceedings for the Court's review.

While Federal Rule of Civil Procedure 72(b) expressly provides that the objecting party must arrange for transcribing the record when objecting to dispositive motions, Rule 72(a) does not.  *Compare* Fed. R. Civ. P. 72(a), *with* 72(b)(2).  The Court finds guidance in a similar situation in *Pirelli Tire Corporation v. Action Automotive Distributors, Inc.*, 1988 WL 82251 (N.D. Ill. Aug. 4, 1988), in which neither Rule 72(a) nor the local rules provided for the form for objections to nondispositive pretrial matters.  The *Pirelli* court found that

while the defendant's failure to provide a transcript of the magistrate judge's ruling was not fatal to its objections, the omission limited the court's ability to review the magistrate judge's factual findings, noting that "such an omission can, and in this case does, greatly reduce the objecting party's chances of success." *Id.* at *1.  The *Pirelli* court stated,

> [T]his court does not know and cannot review the factual findings which formed the basis for the magistrate's legal conclusions. All the court can do is review the facts set forth in the parties' briefs to the magistrate and determine whether, under any permissible findings of fact, the magistrate's ruling could pass muster. In other words, this court will assume that the magistrate found all facts and drew all inferences most favorably to the plaintiff, and will determine only if, given these (assumed) factual findings, the defendant met its burden of establishing that the refusal to comply with plaintiff's discovery requests was substantially justified.

*Id.* at *2.

In this case, the parties' pleadings are consistent in noting that the Magistrate Judge found that the mitigation issue for which Defendants sought the employment files was addressed by the tax returns that Plaintiffs provided.  (Def.'s Mot. Review ¶¶ 8,10; Pl.'s Resp. to Def.'s Mot. Review 3).  The pleadings are also consistent in alleging that the Magistrate Judge found the requested employment records from employers other than the City of Brighton "too speculative" and amounting to a "fishing expedition."  *Id.*

Defendants argue that the discovery they seek is not a 'fishing expedition' and the burden or expense of the proposed discovery does not outweigh its likely benefit. Defendants cite Rule 26(b) to argue that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Defendants do not show how the Magistrate Judge's determination was clearly erroneous or contrary to law. The Federal Rules of Civil Procedure and case law show that the court may limit discovery. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) ("*Unless otherwise limited by court order*, the scope of discovery is as follows . . . ." (emphasis added)); *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) ("[I]t is well established that the scope of discovery is within the sound discretion of the trial court.") (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981)); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ("[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad" and "[t]he scope of discovery is, of course, within the broad discretion of the trial court") (citations omitted).

The Magistrate Judge did not act contrary to law or erroneously in limiting discovery related to mitigation of damages where this information was available from the tax returns. Similarly, the Magistrate Judge's determination with respect to the Care Free Medical employment records was neither contrary to law nor clearly erroneous where Defendants' arguments did not establish relevance as to the doctor, and, as Plaintiffs point out with respect to themselves, the Sixth Circuit has held that "there is no point in introducing bias evidence against a party-opponent." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 982 (6th Cir. 2003). Finally, to the extent Defendants seek authorizations for employment files from multiple employers and allege they may contain admissions and information about secondary employment during Plaintiff's periods of sick leave or Family Medical Leave Act leave, it was neither clearly erroneous nor contrary to

4

law to find that authorizations for the entire employment files were overly broad and amount to a fishing expedition.

The Court finds that the Magistrate Judge's November 25, 2014 order was not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendants' Objections are thus REJECTED, and the Magistrate Judge's November 25, 2014 order (dkt.# 31) is AFFIRMED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2015, by electronic and/or ordinary mail.

s/ Carol J Bethel
Case Manager